IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANCELOT INVESTORS FUND, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  07-C-4023 |
| v. | ) | |
| | ) | |
| TSM HOLDINGS, Ltd., et al., | ) | HONORABLE DAVID H. COAR |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lancelot Investors Fund, L.P. ("Lancelot" or "Plaintiff") brought this suit against TSM Holdings, Ltd. ("TSM"), Ranger Credit Company, LLC ("Ranger I"), Ranger Credit Partners II, Ltd. ("Ranger II"), Design Extended Service, Ltd. ("DES"), George C. McIngvale, Jr., and Debora McIngvale (collectively "Defendants"), based on an alleged breach of a loan agreement. Now before this Court is Defendants' motion to transfer this case to the Houston Division of the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) (Doc. No. 25). For the reasons stated below, Defendants' motion is DENIED.

1.  **FACTS**

On or about July 19, 2006, Plaintiff and certain Defendants ("Borrowers") entered into a Loan and Security Agreement ("Loan Agreement"). Under the terms of this Loan Agreement, Plaintiff made available a revolving credit facility worth up to $30 million, which the Borrowers could access through Requests for Advances and reports of eligible collateral assets. The Loan Agreement provided Lancelot, as the lender, with a security interest in the Borrowers' property

as collateral. The Agreement also contained: general warranties related to the truthfulness of financial and other factual statements; an integration clause; language adopting Illinois law for the interpretation and enforcement of the contract; and a forum selection clause submitting the parties to "the exclusive jurisdiction of any federal court or Illinois state court sitting in Chicago, Illinois."

At the beginning of 2007, Plaintiff came to believe that the Borrowers had breached several material requirements of the Loan Agreement, and sought to accelerate indebtedness pursuant to its terms. Collateral for the loan was sold through a foreclosure sale on April 4, 2007, and Plaintiff took control of the Borrowers' property and attempted to collect on amounts owed. Plaintiff now seeks to recover the outstanding principal amount of approximately $10.5 million, plus interest, default interest, legal fees, and other related fees and expenses to which it is allegedly entitled under the Loan Agreement terms. Defendants deny many of the Complaint's allegations, and have brought counterclaims against Plaintiff premised on their own allegations of fraudulent inducement, breach of contract, and the commission of an invalid or commercially unreasonable foreclosure sale.

Now before this Court is the Defendants' motion to transfer the case, premised on the convenience of the Defendants, the material witnesses, and the interests of justice. Plaintiff generally responds that the Loan Agreement contains a choice of forum clause naming Illinois as the venue for all relevant disputes, and that the clause precludes transfer.

**2.     LEGAL STANDARD**

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought." A district court will engage in an "individualized, case-by-case consideration of convenience and fairness" when adjudicating a motion for transfer subject to its own considerable discretion. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). The presence of a forum selection clause as but a single, albeit significant, factor among several in a district court's analysis. *Id.*

The party seeking transfer of venue must show that: (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; (3) the transfer is for the convenience of the parties and witnesses; and (4) the transfer is in the interests of justice. *Central States Southeast and Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1069 (N.D. Ill. 1984). The party seeking to transfer venue also "has the burden of establishing, by reference to particular circumstances, that the [proposed] transfer forum is clearly more convenient" than the transferring court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). In making a transfer determination, a court must consider both the private interests of the parties and the public interests involved. Factors for assessing the private interests include: (1) the plaintiff's choice of forum; (2) the site of the material events; (3) the availability of evidence in each forum; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000). Public interest factors "relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Von Holdt v. Husky Injecting Molding Sys., Ltd.*, 887 F.Supp. 185, 188 (N.D. Ill. 1995). This Court will address each

factor below and then assess whether Defendants have met their burden of establishing that transfer would be "clearly more convenient." *Coffey,* 796 F.2d at 219-20.

**3.     ANALYSIS**

Defendants correctly point out that a forum selection clause is not necessarily dispositive of the appropriate forum for a matter's resolution. Defs' Reply in Support of Transfer, at 2-3 (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S.22, 29-31, 108 S.Ct. 2239, 2244 (1988)). That said, the contractual clause nonetheless limits the scope of the analysis this Court must undertake. In signing the choice of forum clause – the validity of which has not been challenged – Defendants have waived arguments related to their own inconvenience. *See Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 378 (1990). This argument is waived with respect to the inconvenience of Defendants' employees as well, who for present purposes are subsumed into their employers as party defendants. *See id.* at 376 ("[T]he inconvenience to employees would have been taken into account when the clause was drafted."); *see also Muzzarelli v. Landry's Restaurants, Inc.*, 2003 WL 1720065, *2 (N.D. Ill. 2003). Also, the convenience of parties' counsel is generally not to be considered as a factor. *See, e.g., Blumenthal Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D. Ill. 1979). Instead, where there is a controlling forum selection clause, analysis of witness convenience is to be centered on that of third party witnesses. *See Northwestern Nat. Ins. Co. v. Donovan*, 916 F.2d 372 (7th Cir. 1990).[1]

Much of Defendants' briefing on the transfer issue centers on these inappropriate factors, which are not appropriately considered here. However, their remaining arguments must still be

---

[1] The forum selection clause similarly renders the convenience of *Plaintiff* irrelevant, so Defendants' arguments on that point are not compelling. *See* Tr. Mot. at 10 ("Houston presents no inconvenience in any substantive way to Lancelot.").

considered insofar as they relate to appropriate factors, including the convenience of genuine third parties and the general interests of justice. *See Abbott Laboratories v. Takeda Pharm. Co. Ltd.*, 476 F.3d 421 (7th Cir. 2007) ("[O]rdinarily the parties' contractual choice of forum should be overridden only if that choice would impose significant costs on third parties or on the judicial system.") (collecting cases).

      a.      <u>Choice of Illinois as the Forum is Entitled to Substantial Weight</u>

Choice of forum clauses are presumptively enforceable. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 (7th Cir.1993) (citing *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). This presumption is bolstered by the fact that Plaintiff chose this forum for filing suit. *See generally General Portland Cement Co. v. Perry*, 204 F.2d 316 (7th Cir.1953), *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D. Ill. 1995). Therefore Defendants must counter the presumption that this Court, selected by way of a contractual clause and Plaintiff's determination, is the proper forum for this action.

      b.      <u>Convenience of Third Parties</u>

Defendants claim that the testimony of the following witnesses will be necessary for proper adjudication, but that facilitating their testimony would be difficult: Steven Cammack, a former Lancelot executive residing in Dallas, TX; Gerald Parker, a financial advisor residing in Houston, TX; Michael Burcham, a certified public accountant residing in Houston, TX; William E. York, an attorney residing in Houston, TX; Eldon Hinds, an attorney residing in Houston, TX;

James and Linda McIngvale, brother and sister-in-law of Defendant George McIngvale living in Houston, TX; David Brown; Representatives of A-Affordable Auto Sales.[2]

This Court must consider where these parties reside and how significant their testimony would be to these proceedings. *RBC Mortg. Co. v. Couch*, 274 F.Supp.2d 965 (N.D. Ill. 2003). It is true that many of the putative witnesses live and/or work in the Houston or Dallas areas. However, Defendants' claim of third party inconvenience is generally undermined by: their failure to show that any of the proposed witnesses lack mobility; the relative ease of commercial travel between Houston, Dallas, and the city of Chicago in which this Court is sited; and the option of using video depositions or written testimony in substitution for appearance. The alleged key witnesses Defendants hope to present will provide evidence of the drafting and interpretation of relevant documents, and their subsequent interpretation. While these issues are possibly important,[3] the inconvenience of travel to this forum is minimal.

Defendants have generally conflated inconvenience to themselves at having to arrange transportation for third party witnesses, with inconvenience to the third parties themselves; they have provided little evidence that the third parties themselves would find the travel difficult, and to the extent that facilitation of their testimony would be inconvenient to Defendants, that argument has been waived. In light of the presumption in favor of enforcing the forum selection

---

[2]The other putative witnesses to which Defendants cite are either employees of the Plaintiff whose inconvenience is waived (Mark Whitely, Les Cohen, and David Brown), or residents of the Chicago area (attorneys of Katten Muchin Rosenman, LLP). There is either no need to consider their level of convenience, or there is no basis for believing that travelling at this Court is a difficult matter.

[3]Plaintiff also argues that much of this evidence is "likely inadmissible" in light of the Loan Agreement's integration clause and the parol evidence rule. *See* Resp. to Transfer Mot. at 11.

clause, the generally unsupported assertions of inconvenience to selected parties does not rise to the level of showing that transfer of this matter to Texas is "clearly more convenient." *Coffey*, 796 F.2d at 219-20.

    c.    <u>Interests of Justice</u>

The final factor to be considered is whether transfer will serve the interests of justice. The "interest of justice" component "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins., Co. v. Brightly Galvanized Prods., Inc.*, 911 F.Supp. 344, 346 (N.D. Ill. 1996). It includes such considerations as (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. *Symons Corp. v. Southern Forming & Supply, Inc.*, 954 F.Supp. 184, 187 (N.D. Ill. 1997). The administration of justice is generally served more efficiently when the action is litigated in the forum that is "closer to the action." *Paul v.. Land's End. Inc.*, 742 F.Supp. 512, 514 (N.D. Ill. 1990).

There is no indication that a court in the Northern District of Illinois would be any less able to proceed to trial quickly than one in the Southern District of Texas. The Defendants have stipulated by contract that all issues will be resolved under Illinois law. To the extent that Texas law may also implicated – which does not appear likely from the record as it now stands – the issue does not weigh heavily on this Court; while a Texas court would certainly be more familiar with the laws of that state, this case presents commercial transaction issues of a type constantly answered across state lines. Defendants have not shown that there is anything unique about this case that makes this Court an inappropriate forum.

Defendants claim that transfer would ease administration of this case because it will be necessary to compel some witnesses to testify. However, they have provided no support for this argument. Defendants' discussion of this issue veers between unsupported allegations and reiterations of their arguments concerning the inconvenience of travelling to Chicago. *See* Transfer Mot. at 8-9 ("Due to issues that have recently arisen between Defendants and Mr. Parker, it is highly unlikely he would come to Chicago, Illinois...It is extremely unlikely that Mr. Cammack can be made to voluntarily appear in Chicago, Illinois...Kenneth Terkel...will probably not appear voluntarily in Chicago, Illinois, but Defendants believe he will appear in Houston."). The allegedly reluctant witnesses are present or former consultants, employees, or advisors of the parties, and beyond their own say-so Defendants have provided this Court with no reason to believe that any outstanding problems preclude voluntary testimony. As the burden is on the Defendants, they have failed to provide sufficient evidence on this point. *See Perry*, 204 F.2d 316.

Finally, this Court must consider the desirability of litigating this case in a particular forum due to the community's connection to this case. This argument is similarly unavailing. While Texas might have an interest in having a dispute involving a resident borrower or guarantor settled within its state lines, Illinois has its own interest in having a resident lender receive justice here. *Vandeveld,* 877 F.Supp. 1160. In addition, businesses of all states have an interest in having duly negotiated contractual terms respected; in that sense the interest of all communities is protected by denying the motion, respecting the forum selection clause, and rendering a decision in this district.

Defendants generally argue that they would be unable to present a defense in Chicago, due to the fact that many of the witnesses and much of the evidence is situated in Texas. However, Defendants have not convinced this Court that the logistical difficulties of adjudicating in Chicago are particularly troubling; witness availability has already been considered, easily transferable paperwork will make up the bulk of the non-testimonial evidence in this matter, and Plaintiff has shown that some evidence will be found in the Chicago area. *See generally* Bell Decl. For these reasons, this Court sees no significant reason to reconsider the forum selection clause to further the interests of justice.

**4. CONCLUSION**

Defendants claim that "[t]his is not simply shifting of convenience" – a clearly inappropriate basis for transfer – but rather that "all of the witnesses and parties in this case are located in Houston or Dallas and most are within the jurisdiction of a Texas federal court to compel their appearance at trial." Defendants have failed to provide evidence that enforcing the forum selection clause would significantly impact third party witnesses – above and beyond inconvenience and expense to Defendants themselves – and have not demonstrated that the transferee forum is clearly more protective of the interests of justice. Whether or not it is advisable for parties to resolve their dispute in this district, there is insufficient evidence for this Court to second-guess their contracted-for commitment to do so.

For the foregoing reasons, Defendants' motion to transfer this case is DENIED.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: October 24, 2007